LYNCH, Chief Judge,
concurring.
I join the opinion except for part II.B, which contains discussions entirely unnecessary to the holdings in the case.
I do join the holding that the affirmance of the district court’s holding that there was no denial of a FAPE necessarily means that the there was no discriminatory denial of a FAPE and so counts 1 and 3 necessarily fail. I also join the holding that plaintiffs’ claims of retaliation under the Rehabilitation Act and ADA fail for lack of any evidence “that the school system’s legitimate, non-retaliatory explanations for its actions were pretextual.” I also agree with the holding that the plaintiffs’ evidence “failed to generate a genuine issue of material fact on the ‘substantial or motivating factor’ element of their First Amendment claim.” Finally, I agree that neither § 1983 nor § 1985 creates substantive rights.
These holdings, of themselves, resolve all of plaintiffs’ claims and require affirming the district court.
As to the remaining and extraneous discussions, I do not agree with the analysis, or that the court should say anything in this case, even in dicta, about these complex issues. The discussion of when non-IDEA claims overlap with IDEA claims is not necessary to any portion of the court’s holding, nor does the scope of the IDEA’S savings clause arise on these facts. Likewise, the conjuring up of hypothetieals far from the facts of this case is not any part of the holding. We should await opining on these matters until we must in fact address these issues in order to resolve future cases and where we have, unlike here, adequate briefing on these issues.